# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

NATIONWIDE INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.                                    CASE NO:

FLORIDA REALTY ONE, INC., DEBORAH
G. SHULT and JANELLE THOMPSON,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, NATIONWIDE INSURANCE COMPANY OF AMERICA, ("NATIONWIDE"), by and through undersigned counsel, and hereby files its Complaint for Declaratory Relief and Demand for Jury Trial against Defendants FLORIDA REALTY ONE, INC., DEBORAH G. SHULT and JANELLE THOMPSON and states as follows:

## VENUE AND JURISDICTION

1. This is an action for Declaratory Relief, pursuant Chapter 86, Florida Statutes and 28 U.S.C. §2201 to determine the parties' rights and obligations pursuant to an insurance policy.

2. This Court has jurisdiction pursuant 28 U.S.C. §1332 as complete diversity exists and more than $75,000.00 is at issue, exclusive of attorney's fees, interest, and costs.

3. Venue is proper with this Court because the events giving rise to this action occurred in Lee County, Florida.

4. NATIONWIDE is incorporated in Ohio with its principal place of business in Columbus, Ohio and is a citizen of Ohio.

5. At all times material hereto, FLORIDA REALTY ONE, INC. was a Florida business entity with its principal place of business in Duval County, Florida.

6. At all times material hereto, DEBORAH G. SCHULT was and is a resident of Lee County, Florida .

7. At all times material hereto, JANELLE THOMPSON was a resident of the Lee County, Florida.

8. The events which give rise to this action occurred in Lee County, Florida.

## FACTUAL BACKGROUND

9. On or about December 11, 2015, FLORIDA REALTY ONE, INC. maintained a Premier Businessowners Policy with NATIONWIDE bearing policy number ACP BPOZ 5954424541 ("the Policy") with effective dates of April 10, 2015 through April 10, 2016. The Policy included liability coverage of $1,000.000.00 each occurrence with a general aggregate of $2,000,000.00. A copy of the applicable Policy is attached and incorporated herein as **Exhibit A**.

10. Based on the information known to date, on or about December 11, 2015, FLORIDA REALTY ONE, INC. managed the property located at 419 Windermere Drive, Lehigh Acres, FL 33972 ("the Subject Property"), which was/is owned by DEBORAH G. SCHULT.

11.     On or about December 11, 2015, JANELLE THOMPSON was a tenant of the Subject Property.

12.     On that same date, JANELLE THOMPSON alleges to have slipped on a rippled portion of the carpet at the Subject Property, causing her to fall in the front foyer. She further claims to have suffered serious bodily injuries as a result of same.

13.     As a result of this incident, JANELLE THOMPSON filed her Complaint alleging two counts of negligence against DEBORAH G. SCHULT and FLORIDA REALTY ONE, INC., respectively. That Complaint is currently pending in the Twentieth Judicial Circuit of Florida in and for Lee County, Case No. 18-CA-006187 ("Underlying Suit").

14.     In her Complaint, JANELLE THOMPSON alleges that FLORIDA REALTY ONE, INC. managed, operated and/or controlled Subject Property where this loss occurred, and that FLORIDA REALTY ONE, INC. knew or should have known of the dangerous condition that existed.  Further, JANELLE THOMPSON alleges that FLORIDA REALTY ONE, INC. had a duty to exercise reasonable care for safety, to correct dangerous conditions and to supervise and instruct its personnel to follow reasonable internal policies to prevent a dangerous condition. The Complaint alleges FLORIDA REALTY ONE, INC. negligently breached one or more of these duties by allowing a dangerous condition to remain on the premises, causing the JANELLE THOMPSON to fall and be injured.

15.     In Underlying Suit, JANELLE THOMPSON is alleging she suffered bodily injuries, pain and suffering, mental anguish, medical expenses, loss of earnings and loss of the ability to earn money.  She is requesting compensatory damages as relief.

16. As a result of the Underlying Suit, FLORIDA REALTY ONE, INC. demanded insurance coverage from NATIONWIDE pursuant to the Policy for liability coverage upon suit being filed.

17. FLORIDA REALTY ONE, INC. notified NATIONWIDE of the subject claim and demand for coverage on or about January 14, 2019, over three (3) years after the subject incident, despite having notice of same in December 2015. This was NATIONWIDE's first notice of the claim.

18. According to the Policy, the Insuring Agreement applicable to the entirety of the Policy provides as follows:

**SECTION I. COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**The policy insuring agreement provides, in part, that:**

1. **INSURING AGREEMENT**
   **a**. We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy.

   HOWEVER, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this Insurance does not apply.

   We may, at our sole discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)** The amount we will pay for damages is limited as described in Section III. LIMITS OF INSURANCE; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under COVERAGES A or B or medical expenses under COVERAGE C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

**b**. This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II. WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c**. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II. WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d**. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II. WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

…

(Ex. A.)

19.     Further, for Bodily Injury Liability coverage, the Policy provides the following conditions for coverage:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a**. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense that may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**  If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit";

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply; and

**(5)** Agree to be examined under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim or "suit". At our option and expense, any examination under oath may be video or audio taped as well as being recorded by stenographic record. In the event of an examination, an insured's answers must be signed.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

…

(Ex. A.)

20.     Additionally, the Policy's Insuring Agreement is modified by the "Real Estate Operations" Endorsement, which providers in relevant part:

**PB6302 (01 01) LIMITATION OF COVERAGE – REAL ESTATE OPERATIONS**

This endorsement modifies insurance provided under the following:

**PREMIER BUSINESSOWNERS LIABILITY COVERAGE FORM**

With respect to real estate operations, the following limitation applies to Section I. COVERAGES:

This insurance, including any duty we have to defend "suits", applies only to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1**. The ownership, operation, maintenance or use of such part of any premises you use for general office purposes; or

7

**2.** Premises listed with you for sale, but not if:

**a**. You own, operate, manage or rent the premises;

**b**. You act as agent for the collection of rents or in any supervisory capacity; or

**c**. Any other circumstances in which such premises are in your care, custody, or control.

(Ex. A.)

21. Despite these Duties required under the Policy and the applicable exclusions of the "Real Estate Operations" Endorsement, FLORIDA REALTY ONE, INC. did not provide notice of the claim until January 14, 2019, over three (3) years after the subject incident. Further, FLORIDA REALTY ONE, INC. made the claim for coverage for an incident which arose out of its management of a rented premises, excluded under the applicable Endorsement.

22. FLORIDA REALTY ONE, INC. maintains that it is entitled to coverage under the Policy and that NATIONWIDE owes FLORIDA REALTY ONE, INC. a duty to indemnify same for the claims of JANELLE THOMPSON despite its failure to provide NATIONWIDE with prompt notice of the claim and despite the applicable exclusions of the "Real Estate Operations" Endorsement of the Policy.

23. NATIONWIDE maintains that the Policy does not require NATIONWIDE to indemnify FLORIDA REALTY ONE, INC. for the claims of JANELLE THOMPSON.

## COUNT I
## DECLARATORY RELIEF

24. NATIONWIDE re-alleges paragraphs 1 through 23 above as though fully set forth herein.

25. This is an action for Declaratory Relief, pursuant to Chapter 86, Florida Statutes and 28 U.S.C. §2201.

26. FLORIDA REALTY ONE, INC. and/or DEBORAH G. SCHULT seek coverage and/or benefits under the Policy for the claims of JANELLE THOMPSON with respect to the accident occurring on or around December 11, 2015 described herein which is set forth in the Underlying Suit.

27. The Policy does not provide coverage for indemnification to FLORIDA REALTY ONE, INC. and/or DEBORAH G. SCHULT, and NATIONWIDE has no duty to provide coverage for indemnification JANELLE THOMPSON's claims arising from the December 11, 2015 incident.

28. The parties are in doubt as to their rights under the NATIONWIDE Policy.

29. The parties are in need of immediate judicial determination, and this action does not constitute mere legal advice.

30. All conditions precedent have been satisfied or have otherwise been waived.

31. NATIONWIDE seeks a declaration that the Policy does not provide coverage requiring NATIONWIDE to indemnify for the claims asserted by FLORIDA REALTY ONE, INC., DEBORAH G. SCHULT, and JANELLE THOMPSON and that NATIONWIDE has no duty to provide coverage to same for any claimed damages arising from the subject incident described herein.

WHEREFORE, Plaintiff NATIONWIDE INSURANCE COMPANY OF AMERICA respectfully requests that this Court enter final declaratory judgment declaring that the subject Policy does not provide coverage for indemnification for the claims alleged and made

by FLORIDA REALTY ONE, INC., DEBORAH G. SCHULT, and JANELLE THOMPSON

and any and all further relief as the Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

NATIONWIDE demands trial by jury on all issues so triable.

Respectfully Submitted:    August 8, 2019.

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that the foregoing document is being served this day to all counsel of record identified via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Trevor T. Rhodes*
Trevor T. Rhodes
Florida Bar No: 0020573
Benjamin G. Lopez
Florida Bar No: 0117532
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL  33602
(813) 769-7865
Fax No: (813) 222-3066
Primary: service-trhodes@bankerlopez.com
Secondary: service-blopez@bankerlopez.com
*Attorneys for Plaintiff*