UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATIONWIDE INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.                                                Case No.:  2:19-cv-563-FtM-38MRM

FLORIDA REALTY ONE, INC.,
DEBORAH G. SCHULT and
JANELLE THOMPSON,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Florida Realty One, Inc.'s Motion to Dismiss (Doc. 25), Nationwide Insurance Company of America's response (Doc. 31), Florida Realty's Motion for Leave to Reply (Doc. 36), and Nationwide's response (Doc. 37). For the reasons below, the Court grants the motion to dismiss and denies the motion for leave to file a reply.

## BACKGROUND

This is an insurance coverage dispute. Nationwide issued a year-long "Premier Businessowners" insurance policy to Florida Realty. (Doc. 1 at 2). Later that year, Janelle

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Thompson tripped and fell at a property that Florida Realty managed and Deborah Schult owned. (Doc. 1 at 2-3). Thompson then sued Florida Realty and Schult for negligence in state court. (Doc. 1 at 3). That underlying suit remains ongoing. (Doc. 21 at 7).

Nationwide brought this suit to clarify its duty to indemnify Florida Realty and Schult in the underlying action. (Doc. 1 at 9). Nationwide claims it has no duty to indemnify those parties, and it asks this Court for a declaratory judgment to that end. (Doc. 1 at 9-10). Florida Realty claims this case is not ripe and moves to dismiss for lack of subject matter jurisdiction. (Doc. 25).

## LEGAL STANDARD

Federal courts are limited to adjudicating ripe and justiciable claims. *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999). Dismissal is proper when the case is not ripe because the court lacks subject matter jurisdiction. *Dig. Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) (ripeness "goes to whether [a] district court had subject matter jurisdiction to hear the case." (citations omitted)); *see Interstate Fire & Cas. Co. v. McMurry Constr. Co., Inc.*, No. 6:16-cv-841-Orl-41TBS, 2017 WL 821746, at *1 (M.D. Fla. Mar. 2, 2017) ("if a declaratory judgment action fails to meet the Article III case and controversy requirement—including the requirement that the action be ripe for review—it must be dismissed for want of jurisdiction."). To determine ripeness, courts look at two factors: (1) "the fitness of the issues for judicial decision, and [(2)] the hardship to the parties of withholding court consideration." *Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cty., Fla.*, 842 F.3d 1324, 1329 (11th Cir. 2016) (citation omitted). Ultimately, Article III's "ripeness doctrine protects federal courts from engaging in speculation or wasting resources through the review of potential or abstract

2

disputes." Dig. Properties, Inc., 121 F.3d at 589. And it "seeks to avoid entangling courts in the hazards of premature adjudication." Id.

## DISCUSSION

Florida Realty claims this case is not ripe because the underlying action is still ongoing. (Doc. 25 at 7-8). The Court agrees. An "[insurer's] duty to indemnify is not ripe for adjudication until the underlying lawsuit is resolved." Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc., 766 F. App'x 768, 770 (11th Cir. 2019). The reason being: liability always precedes indemnification. See Safeco Ins. Co. of Ill. v. Tremblay, No. 2:16-cv-837-FtM-38CM, 2018 WL 3648265, at *4 (M.D. Fla. Aug. 1, 2018). If Florida Realty and Schult are not found liable in the underlying action, there are no damages to indemnify. See Delacruz Drywall, 766 F. App'x at 770-71. Nor are there any questions to answer on Nationwide's duty to indemnify those parties. See id. Asking questions about indemnification before liability is resolved puts the cart before the horse. See Lee Mem'l Health Sys. v. Lexington Ins. Co., No. 2:18-cv-617-FtM-38UAM, 2019 WL 2471821, at *2 (M.D. Fla. Apr. 22, 2019). Such questions are faraway, hypothetical, and unfit for judicial decision. See id.; Tremblay, 2018 WL 3648265 at *4 ("it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass" (citations omitted)).

Nor does Nationwide present any compelling hardship that would result from the Court withholding a decision. Instead, Nationwide argues the Court must address the abstention factors, laid out in Ameritas Variable Life Ins. Co. v. Roach, 411 F. 3d 1328 (11th Cir. 2005), before dismissal. (Doc. 31 at 4-7). But abstention is not at issue here.

3

When a district court finds the insurer's duty to indemnify defendants unripe, it does not need to address the abstention factors. *Delacruz Drywall*, 766 F. App'x at 770 n.1. Nationwide's reliance on *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5 (2004) is also misplaced. (Doc. 31 at 3). *Higgins* addresses the Florida Declaratory Judgment Act which is not applicable here.[2] *Mid-Continent Cas. Co. v. G.R. Constr. Mgmt., Inc.*, 278 F. Supp. 3d 1302, 1306 (M.D. Fla. 2017) (finding *Higgins* inapplicable to federal Declaratory Judgment Act cases). The Court thus finds that this case is not ripe and dismisses the Complaint for lack of subject matter jurisdiction.

Finally, Florida Realty moves for leave to file a reply. (Doc. 36). This motion does not satisfy Local Rule 3.01(c) and is now moot. "While parties may ask for leave to file a reply, they must show good cause." *DiRocco v. Victory Mktg. Agency, LLC*, No. 2:15-cv-552-FtM-99CM, 2015 WL 13802200, at *1 (M.D. Fla. Nov. 4, 2015). "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011). Here,

---

[2] The Complaint cites both the Florida and the federal Declaratory Judgment Act. (Doc. 1 at 9). But "[a]s a federal court sitting in diversity jurisdiction, we apply the substantive law of the forum state, in this case Florida, alongside federal procedural law." *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017) (citation omitted). "Florida's Declaratory Judgment Act . . . is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights." *Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 880-81 (11th Cir. 2016). Because the state law is procedural, federal law governs here. *Rock Custom Homes, Inc. v. Am. Zurich Ins. Co.*, No. 2:19-cv-607-FtM-38NPM, 2019 WL 4477819, at *1 (M.D. Fla. Sept. 18, 2019). So federal courts construe claims brought under the Florida Declaratory Judgment Act as seeking relief under the federal Declaratory Judgment Act alone. *See id.* Thus, the Florida Supreme Court's treatment of the Florida Declaratory Judgment Act in *Higgins* is not applicable to the Court's analysis.

Florida Realty merely recites a generic and unsubstantiated claim that Nationwide's response contains "new law and/or fact[.]" (Doc. 32 at 2). The motion lacks merit.

Accordingly, it is now

**ORDERED:**

1. Florida Realty One, Inc.'s Motion to Dismiss (Doc. 25) is **GRANTED**.

2. Nationwide Insurance Company of America's Complaint (Doc. 1) is **DISMISSED without prejudice.**

3. Florida Realty One, Inc.'s Motion for Leave to File a Reply (Doc. 36) is **DENIED.**

4. The Clerk is **DIRECTED** to enter judgment, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of October, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record